IN THE UNITED STATES DISTRCT COURT
FOR THE DISTRICT OF NEW MEXICO

MICHAEL L. LOPEZ,

       Petitioner,

v.                                              Case No. 1:22-cv-00253-KG-JHR

GEORGE STEPHENSON, *Warden,*

       Respondent.

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION ON PETITIONER'S PETITION FOR A WRIT OF *HABEAS CORPUS* UNDER 28 U.S.C. § 2254

       THIS MATTER is before the Court on Petitioner Michael L. Lopez's petition for a writ of *habeas corpus* as provided by 28 U.S.C. § 2254, [Doc. 1] ("the Petition"). Lopez filed his Petition in April 2022 and the New Mexico Attorney General responded in August 2022 on behalf of Respondent George Stephenson, Warden of the Lea County Correctional Facility where Lopez is being held. [Doc. 1, p. 8]. In October 2023, United States District Judge Kenneth J. Gonzales referred this case to the undersigned Magistrate Judge to recommend a final disposition on the Petition. [Doc. 11]. Based on the analysis below, it is recommended that Lopez's Petition be denied.

## I.   BACKGROUND AND PROCEDURAL HISTORY

       New Mexico police arrested Michael Lopez in April 2018.[1] [Doc. 8-1, p. 2].[2] While he was detained and waiting to be booked at a detention center, Lopez inserted items into his buttocks. *Id.* Detention officers saw him do this through a surveillance camera and summoned police. *Id.* The police strip-searched Lopez and ordered him to squat and cough, revealing the

---

[1] The facts recited here are based on the record attached to the Attorney General's answer, insofar as Lopez does not contest the information therein. *See* [Doc. 8-1].
[2] Citations to documents filed with the Court refer to the CM/ECF-generated pagination at the top of each page.

items to the police.  *Id.*  The squat-and-cough, however, did not expel the items from Lopez's

body, so the officers ordered Lopez to remove the items and give them over.  *Id.*  Lopez

complied.  *Id.*  Chemical testing later revealed that the items were plastic bags containing 25.26

grams of methamphetamine and 0.90 grams of heroin.[3]  *Id.* at 3.

Lopez was charged with two crimes under New Mexico law: Trafficking Controlled

Substances by Possession with Intent to Distribute under N.M.S.A. 1978, Section 30-31-20; and

Tampering with Evidence under N.M.S.A. 1978, Section 30-22-5.  [Doc. 8-1, p. 4].  The

trafficking count was charged as a second-degree felony and the tampering count as a fourth-

degree felony.  *Id.*  Lopez pled not guilty and went to trial in the State of New Mexico's Fifth

Judicial District.[4]  [Doc. 1, p. 2]; [Doc. 8-1, pp. 4, 10].

To prove the trafficking offense, the State called Officer Michael Yackel, an agent of the

New Mexico Pecos Valley Drug Task Force, as an expert witness.  [Doc. 8-1, pp. 75–76].[5]

Yackel told the jury that, based on his training and experience, possession of more than 3.5

grams of methamphetamine suggests the possessor is trafficking it.  *Id.* at 76.  To prove that

Lopez hid evidence, and thus tampered with it, the State presented evidence that Lopez placed

the drugs in his anus under camera surveillance.  *Id.* at 75.  Lopez's attorney argued that the

methamphetamine was for personal use, not trafficking.  *Id.* at 76.  The defense presented

evidence that Lopez was an addict over six feet tall and weighing over three-hundred and fifty

pounds; that Lopez thus used eight to nine grams of methamphetamine a day; and Lopez did not

possess scales, multiple baggies, multiple cell phones, or large sums of money, all of which

---

[3] The criminal complaint also alleged Lopez possessed unspecified "pills" which are not discussed anywhere else in the record.  *See* [Doc. 8-1, p. 3].

[4] Cause number D-503-CR-2018-00348.

[5] No trial record has been produced, so the Court relies on appellate briefing and state court decisions to determine what happened at trial.

would have been consistent with selling drugs. *Id.* The jury found Lopez guilty on both counts. *Id.* at 25–26, 29–30. The trial judge imposed nine years and six months for tampering with evidence (18 months plus an eight-year enhancement), with a consecutive 17 years for trafficking (nine years plus an eight-year enhancement), gave credit for 651 days already served, and suspended the last seven years and six months of the trafficking sentence, with parole and probation to follow release from custody. *Id.* at 29–31. The court entered judgment the same day, March 30, 2020. *Id.*

In April 2020, Lopez directly appealed his conviction. *Id.* at 32. He argued that the evidence of trafficking was insufficient because his intentions were shown only by telling the jury the quantity of drugs he possessed. *See id.* at 77–81. Lopez also argued that the State did not prove tampering because, although he placed drugs in his anus, he did not "hide" them because he acted in plain view of the detention officers watching him over the surveillance camera. *Id.* at 81–85. At best, Lopez argued, the State proved an attempt to hide evidence and not a completed offense. *Id.* at 84–85.

The New Mexico Court of Appeals disagreed. *See State v. Lopez*, A-1-CA-38975, mem. op. (N.M. Ct. App. Sept. 13, 2021); [Doc. 8-1, pp. 87–91]. For trafficking, it held that the evidence of intent to distribute was sufficient because the jury could rely not only on the amount of drugs involved but also on the opinion of Officer Yackel that the amount was consistent with distributing drugs. *Lopez*, A-1-CA-38975, mem. op. ¶¶ 3–4; [Doc. 8-1, pp. 88–89]. As for tampering, the Court of Appeals held that placing drugs in one's buttocks qualifies as "hiding" them because the act places the drugs "out of sight," even if the act was done in plain view of law enforcement. *Lopez*, A-1-CA-38975, mem. op. ¶ 5; [Doc. 8-1, p. 90].

Lopez petitioned the New Mexico Supreme Court for certiorari on the same issues, arguing inconsistency with *State v. Jackson*, 2021-NMCA-059, 497 P.3d 1208.  [Doc. 8-1, pp. 92–95].  The New Mexico Supreme Court denied certiorari and Lopez did not appeal to the Supreme Court of the United States, so his direct appeals process ended.  [Doc. 1, p. 3]; [Doc. 8-1, pp. 102–103].  Lopez did not pursue post-conviction relief in state court.  [Doc. 1, p. 3].  He is now serving his sentences at the Lea County Correctional Facility in Hobbs, New Mexico.  *See id.* at 1.

Lopez filed the present Petition by mail in March 2022 arguing two grounds for relief; first, that there was not enough evidence at trial to prove that he engaged in trafficking; and second, that his tampering offense should have been charged as a misdemeanor, not a felony.  *Id.* at 5, 7.  He restates that officers "construed" the placement of drugs in his buttocks as "tampering with evidence"; that "he willingly and voluntarily gave the package of drugs" to a detention officer when asked; and that "the State claimed the amount [of drugs he had] made it trafficking."  *Id.* at 5, 7.  In August 2022, the Attorney General answered in opposition.  *See* [Doc. 8].  Lopez did not reply before his deadline passed.  An evidentiary hearing is not needed, so the matter is ripe for decision.

## II.   <u>STANDARD OF REVIEW</u>

"[W]ith respect to any claim that was adjudicated on the merits in State Court proceedings," a federal court may only grant *habeas* relief if those proceedings "(1) resulted in a decision that was contrary to, or involved in an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States," or "(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  28 U.S.C. § 2254(d).  A showing of legal error requires

that there be "clearly established" law from the Supreme Court which applied to the petitioner's case and that the State courts either applied a rule different from the clearly established law, ruled differently than the Supreme Court did on a materially indistinguishable set of facts, or identified the correct legal rule but applied it to the petitioner's case in an objectively unreasonable way. *Id.* at § 2254(d)(1); *see Bell v. Cone*, 535 U.S. 685, 694 (2002); *Hooks v. Workman*, 689 F.3d 1148, 1163 (10th Cir. 2012). "[R]eview under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits." *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011).

Relief under section 2254(d)(2), meanwhile, requires proof that, in its determination of the facts, the state court "plainly and materially misstated the record" or reached a conclusion so unsupported by evidence that "reasonable minds could not disagree that the finding was in error." *Grant v. Royal*, 886 F. 3d 874, 889 (10th Cir. 2018) (quoting *Smith v. Duckworth*, 824 F.3d 1233, 1250 (10th Cir. 2016)); *see also Jackson v. Virginia*, 443 U.S. 307, 319 (1979) (holding that federal courts must determine "whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt"). Further, "a determination of a factual issue made by a State court shall be presumed to be correct" and can only be rebutted "by clear and convincing evidence." 28 U.S.C. § 2254(e)(1). The statute thus sets a "highly deferential standard for evaluating state-court rulings" and "demands that state-court decisions be given the benefit of the doubt." *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002).

Generally, petitioners under section 2254 must also exhaust their remedies in State court before they can be granted *habeas* relief. *See* 28 U.S.C. § 2254(b). However, "[a]n application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the

applicant to exhaust the remedies available in the courts of the State." *Id.* at § 2254(b)(2).  Here, the Attorney General waived the exhaustion requirement as to Lopez's second argument even though he did not exhaust it in State court, so the Court will address it on its merits.  *See* [Doc. 8, p. 1].

III.   **DISCUSSION**

Both of Lopez's grounds for relief in the Petition are meritless and should be rejected. Ground One asserts that evidence was insufficient to support Lopez's trafficking conviction, yet it was enough that reasonable people confronted with it could have found Lopez guilty, so this Court must defer to the conclusions reached in state court.  Ground Two asserts that Lopez's tampering charge should have been a misdemeanor, but his felony conviction for evidence tampering was consistent with New Mexico's charging scheme for that crime and supported by sufficient evidence as well, so this Court must defer to New Mexico's courts on that issue, too. The Court should thus deny Lopez's Petition without further proceedings.

    a.   *The Evidence of Trafficking was Sufficient*

        i.   Parties' Positions

Lopez asserts that he is entitled to relief from his trafficking conviction because "no evidence whatsoever was produced to prove trafficking."  [Doc. 1, p. 5].  He says that "the State claimed the amount made it trafficking." *Id.*  This echoes his argument on direct appeal.  *See* [Doc. 8-1, pp. 76–81].  There, he argued that his possession of 25.26 grams of methamphetamine was consistent with personal use after accounting for his height, weight, and typical daily consumption. *Id.* at 79.  Officer Yackel's testimony, in his view, did not take this into account, so further testimony or evidence was needed for a jury to conclude, beyond reasonable doubt, that Lopez intended to distribute drugs. *Id.* at 79–80.  These arguments were rejected by the New

Mexico Court of Appeals, so Lopez's argument is that New Mexico's courts were wrong and should be reversed.

Respondent Stephenson argues Lopez has not met his burden to obtain relief.  Stephenson points out that Lopez's trafficking conviction was based not only on the amount of drugs he possessed, but also on expert testimony.  [Doc. 8, p. 13].  The New Mexico Court of Appeals sustained the conviction based on an analysis of similar cases, suggesting that "a trafficking conviction based on such testimony is constitutionally solid."  *Id.*  The jury could have accepted that Lopez consumed much more methamphetamine than a typical user, yet he possessed "approximately three times the amount . . . he claimed to need to support his daily habit," so it was not unreasonable to conclude that Lopez intended to distribute his drugs.  *Id.* at 13. Stephenson thus urges the Court to reject Ground One.

ii.  <u>Analysis</u>

Lopez's argument on Ground One has no merit under sections 2254(d)(1) or 2254(d)(2). First, he cannot show "clearly established law" to support section 2254(d)(1) relief.  The existence of clearly established law, promulgated by the Supreme Court and applicable to the petitioner's case, is a threshold to *habeas* relief under section 2254(d)(1).  *See Murphy v. Royal*, 875 F.3d 896, 913 (10th Cir. 2017).  The undersigned Magistrate Judge found no Supreme Court decisions that disfavor proving intent to distribute contraband by evidence of the weight of the contraband along with expert testimony of its significance.  Relief is thus unavailable to Lopez under 28 U.S.C. § 2254(d)(1) on Ground One.

Second, the trial court did not make an "unreasonable determination of the facts" which would entitle Lopez to relief under section 2254(d)(2).  Lopez's Petition attacks the finding that he intended to distribute drugs.  *See* [Doc. 1, p. 5].  Intent to distribute was a necessary element

of his conviction.  *See* N.M.S.A. 1978 § 30-31-20(A)(3).  New Mexico law allows intent to be inferred from surrounding facts and circumstances, yet juries cannot apply "common knowledge" to infer intent to distribute solely from the amount of drugs carried.  *State v. Becerra*, 1991-NMCA-090 ¶¶ 22–23, 817 P.2d 1246, 608–09.  Lopez can prevail only if "reasonable minds could not disagree" that his jury erred by finding he intended to distribute the drugs he had.  *Grant*, 886 F. 3d 874, 889 (10th Cir. 2018).

As the Court of Appeals found on Lopez's direct appeal, he cannot meet this high bar.  *See Lopez*, A-1-CA-38975, mem. op. ¶¶ 3–4.  Lopez's intention to distribute was proven by informing the jury about both the amount of drugs he was carrying and by presenting testimony of an expert who opined that this amount was consistent with drug trafficking.  [Doc. 8-1, pp. 75–76].  Countervailing evidence was Lopez's height and weight, his allegedly high daily consumption, and his lack of other paraphernalia related to selling drugs.  *Id.* at 76.  Given all of the evidence, jurors could reasonably conclude that Lopez intended to distribute the drugs he carried: they could have disbelieved Lopez's statements about his daily consumption, or believed him but found that he that he intended to consume some of his supply and distribute some to others.  As Stephenson points out, the 25.26 grams carried was almost three times the amount Lopez claimed he consumed each day.  [Doc. 8, p. 13].  Lopez's evidence, if wholly believed, could have persuaded a reasonable person he was not guilty, but it did not persuade any of his jurors, and its persuasive force is not so strong that *no* reasonable juror could have found Lopez guilty.  The Court ought to defer to the findings of New Mexico's courts and deny Lopez's Petition as to Ground One.

b.  *Tampering was Properly Charged*

i.  Parties' Positions

In Ground Two, Lopez argues that his conviction for tampering with evidence "should have been a misdemeanor and not a felony." [Doc. 1, p. 7]. Though he says he raised this in his direct appeals, the specific issue of what grade of crime Lopez committed was not raised in appellate briefing, nor discussed by the New Mexico Court of Appeals. *See generally Lopez*, A-1-CA-38975, mem. op.; [Doc. 8-1, pp. 76–85, 87–91, 96–100]. The Court infers that Lopez's argument is based in part on the statute's text, under which "tampering with evidence" is charged as either a petty misdemeanor, fourth degree felony, or third degree felony depending on the grade of the "highest crime for which tampering with evidence is committed[.]" *See* N.M.S.A. 1978, § 30-22-5(B). The Court also infers that Lopez's argument may be based on his view of the events leading to his conviction. Lopez characterizes his conduct during the search as compliant and his handing over the drugs as voluntary. [Doc. 1, p. 7]. Read liberally, these facts may suggest that his actions were not egregious and that it was unfair for him to be charged with a felony instead of a misdemeanor.

Stephenson makes four arguments for the Court to reject Lopez's position. First, he asserts that Lopez's characterization of the facts is inaccurate. [Doc. 8, p. 14]. In his view, placing evidence in one's anus, keeping it there after being strip-searched and ordered to cough and squat, then handing the evidence over after being ordered to do so does not suggest Lopez acted "voluntarily" when he gave up the drugs. *Id.* (quoting [Doc. 1, p. 7]). Second, Stephenson argues that Lopez did not exhaust his state-law remedies for this issue, so the Court cannot grant relief based on it. [Doc. 8, pp. 14–15]. Third, Stephenson asserts that this is an issue purely of state law, so federal *habeas* relief cannot be based on it. *Id.* at 15–16. Finally, he argues that

9

Lopez's position is meritless. *Id.* at 16–17. The severity of an evidence tampering charge in New Mexico depends on the severity of the underlying crime for which the evidence will be used. *Id.* at 16; *see also* N.M.S.A. 1978 § 30-22-5(B). The underlying crime here was trafficking controlled substances, which is a first- or second-degree felony. [Doc. 8, p. 16]; *see also* N.M.S.A. 1978 § 30-31-20(B). Evidence tampering cannot be charged as a misdemeanor when the underlying crime is a felony, so it would have been impossible for Lopez to be charged with misdemeanor evidence tampering. [Doc. 8, pp. 16–17]. For all these reasons, Stephenson asks the Court to reject Lopez's position.

ii.  Analysis

Lopez's Ground Two claim is also meritless. New Mexico law unambiguously ties the severity of an evidence tampering charge to the severity of the crime to which the evidence is connected. N.M.S.A. 1978 § 30-22-5(B). Here, the charge proven with the drugs was trafficking, which is unambiguously a felony. *Id.* at § 30-31-20(B). There is no clearly established law from the Supreme Court holding that such a scheme for charging crimes is impermissible, so section 2254(d)(1) relief is unavailable. And, as discussed above, the evidence to prove the trafficking charge was sufficient and New Mexico's courts were not unreasonable to uphold the conviction. No further evidentiary proceedings could change these facts, so none should be had. The undersigned Magistrate thus recommends dismissing this claim as meritless under 28 U.S.C. § 2254(c).

IV.    **CONCLUSION**

Based on the discussion above, the undersigned United States Magistrate Judge

recommends denying Lopez's Petition entirely.

_____
Hon. Jerry H. Ritter
United States Magistrate Judge

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE**

of a copy of these Proposed Findings and Recommended Disposition, they may file written

objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1).  **A party**

**must file any objections with the Clerk of the District Court within the 14-day period if**

**that party wants to have appellate review of the proposed findings and recommended**

**disposition.  If no objections are filed, no appellate review will be allowed.**

11